**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

NOV 22 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONAVAN LEE GOMEZ,

Defendant - Appellant.

No. 23-325

D.C. No.
2:18-cr-00137-DCN-1
District of Idaho, Pocatello

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted November 14, 2023[**]

Before:     SILVERMAN, WARDLAW, and TALLMAN, Circuit Judges.

Donavan Lee Gomez appeals from the district court's judgment and

challenges the 24-month sentence imposed upon the second revocation of his

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gomez contends that the district court erred by failing to explain the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

sentence adequately and by improperly imposing the sentence to punish him. We review for plain error, *see United States v. Valencia-Barragan,* 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court listened to Gomez's mitigating arguments, with which it was already familiar. The court explained that an above-Guidelines, statutory maximum sentence was warranted in light of Gomez's repeated non-compliance with court orders despite previous exercises of leniency. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, the record reflects that the district court relied on only proper sentencing factors, including Gomez's multiple breaches of the court's trust and undisputed unsuitability for supervised release. *See* 18 U.S.C. § 3583(e); *United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007).

Gomez also contends that the sentence is substantively unreasonable in light of his mitigating circumstances and because a shorter sentence would have sufficed to address his non-compliance. In light of the § 3583(e) sentencing factors and the totality of the circumstances, however, the district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**